## (C.D. 3611)

## J. J. Boll et al. v. United States

United States Customs Court, Second Division

(Decided on rehearing [C.D. 2777] November 12, 1968)

*Sharretts, Paley, Carter & Blauvelt* (*Thomas J. McKenna* and *M. Barry Levy* of counsel) for the plaintiffs.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: The merchandise involved in the protests listed on schedule "A", attached hereto and made a part hereof, presently before the court pursuant to an order dated December 15, 1966, severing them from the balance of the protests involved in the original proceeding and granting a rehearing as to them, consists of photomultiplier tubes classified by the collector as laboratory instruments or apparatus under paragraph 360 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at 27 or 25½ per centum ad valorem, depending upon the date of entry of the respective items of merchandise.

Various claims were made in the protests, but the claim now relied upon is that the merchandise is properly dutiable as articles suitable for producing, rectifying, modifying, controlling or distributing electrical energy, under paragraph 353 of said tariff act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

The pertinent provisions of said tariff act are:

Paragraph 360, as modified by T.D. 54108:

Scientific and laboratory instruments, apparatus, utensils, appliances * * * and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for:

> \* \* \* \* \* \* \*
> Other (except * * *)_____ 27%–25½% ad val.

Paragraph 353, as modified by T.D. 51802:

Articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy * * * wholly or in chief value of metal, and not specially provided for:

> \* \* \* \* \* \* \*
> Other articles (except * * *)_____ 15% ad val.

The instant protests, together with others, were the subject of our decision in *J. J. Boll et al.* v. *United States*, 57 Cust. Ct. 256, C.D. 2777. It was there held, in view of a stipulation, that merchandise known as Klystron tubes was properly dutiable under said paragraph 353, as modified, as articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy. The court overruled the protests as to the photomultiplier tubes, some of which had been classified by the collector as laboratory instruments or apparatus and some of which had been classified as parts of laboratory instruments or apparatus. Thereafter, the protests involving the photomultiplier tubes classified as laboratory instruments or apparatus were severed and a rehearing granted, as aforesaid. An appeal was taken as to the photomultiplier tubes classed as parts of laboratory instruments or apparatus.

The Government's position at the original trial, in its brief, and in the memorandum in opposition to plaintiffs' motion for rehearing was that photomultiplier tubes are properly dutiable as *parts* of laboratory instruments or apparatus and not as laboratory instruments or apparatus. It conceded that the merchandise covered by the protests in schedule A was not properly classified and that no presumption of correctness attached to the collector's action. It claimed, however, that plaintiffs had failed to establish a *prima facie* case for classification under paragraph 353, as modified.

Subsequent to the granting of the motion for rehearing and the resubmission of the protests in schedule A, the court of appeals reversed the decision of this court as to the photomultiplier tubes classified as parts of laboratory instruments or apparatus, and held them properly dutiable under paragraph 353, as modified, as articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy. *J. J. Boll et al.* v. *United States*, 55 CCPA 86, C.A.D. 937. The court found that the evidence established that a substantial number of uses of the tubes, in fact most of the uses

attributed to them by the witnesses for appellants, were not as parts of laboratory instruments. It rejected appellee's argument that it was necessary for appellants to negate any possibility that most of the diverse devices in which the photomultiplier tubes were employed were used as laboratory instruments, as contrary to *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831. It held that appellants had discharged their burden of proving the tubes not classifiable under paragraph 360 as parts of laboratory instruments and that since the parties had stipulated facts qualifying the tubes for classification as articles for producing, rectifying, modifying, controlling, or distributing electrical energy under paragraph 353, as modified, the protests should have been sustained.

In view of the decision of our appellate court, defendant has requested leave not to file a brief herein.

On the record herein, in accordance with the said decision of the Court of Customs and Patent Appeals, and on the authority of *J. J. Boll et al.* v. *United States*, 57 Cust. Ct. 256, C.D. 2777, we hold that the photomultiplier tubes and the Klystron tubes on the entries involved herein are properly dutiable at 15 per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified, as articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy.

To that extent the protests are sustained. As to all other claims, they are overruled. Judgment will be entered accordingly.